UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

| | | |
|---|---|---|
| ARTHUR OF THE FAMILY WITTENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:1:24-cv-1269 |
| | ) | |
| | ) | |
| FREEDOM MORTGAGE CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This action is the latest in a series of lawsuits over a Property Freedom owns and is the eighth overall attempt to relitigate a 2019 foreclosure sale and Freedom Mortgage Corporation's ("Freedom") enforcement of its writ of possession, and third attempt in this Court. Each time, Plaintiff Arthur of the Family Wittenberg ("Wittenberg"), either individually or with Eugene and Tenekia Harris (collectively the "Harrises") as named plaintiffs, files an action in either state of federal court alleging that Freedom engaged in some wrongfully act during a 2019 foreclosure sale. And each time, their claims are dismissed. The same must be true here.

In July 2023, Honorable District Judge Hilton dismissed Wittenberg and the Harrises' (collectively "Plaintiffs") prior action for lack of subject matter under the *Rooker-Feldman* Doctrine. *See Harris et al. v. Farnsworth, Jr. et al.,* Case No. 1:22-cv-01378-CMH-JFA. In June 2024, Honorable District Judge Nachmanoff dismissed Plaintiffs' subsequent claim for the same reasons, further admonishing them, given their history of meritless litigation that should further frivolous filings occur, the court may award sanctions. *See Harris et al. v. Freedom Mortgage*

1

*Corp. et al.,* Case No. 1:24-cv-00471-MSN-LRV. Ignoring, Judge Nachmanoff's admonition, Wittenberg files the present action one month after the June 2024 order.

Plaintiffs had numerous opportunities to contest the 2019 foreclosure in the Virginia State Courts; each time, they lost. In each case, Plaintiffs file a complaint, like the one presently before this Court, or asserts affirmative defenses and dispositive motions containing a series of confusing and contradictory ramblings as to why Freedom cannot obtain possession of a property it owns. Despite a series of adverse rulings against, Wittenberg has again engaged in another vexatious attempt to avoid a Virginia Circuit Court order that prevents him from filing any additional claims against Freedom related to the foreclosure of what was once their property.

Now, almost five years after the subject foreclosure occurred, four years after a Virginia Circuit Court issued a writ of possession to Freedom's predecessor, three years after the Virginia Supreme Court denied the Harrises' appeal, two years after Freedom was dismissed with prejudice in a state court action by Plaintiffs contesting Freedom's right to the property, one year after this Court dismissed Plaintiffs claims contesting Freedom's right to the property for lack of subject matter jurisdiction, and three months after a Virginia Circuit Court again granted Freedom immediate possession of the property, which the Harrises appealed and is pending in the Court of Appeals of Virginia, and one month after this Court dismissed Plaintiffs claims—Wittenberg again question Freedom's right to possess the property. The answer is yes, and several courts have already explained this to him. Despite those explanations, Wittenberg seemingly has one goal in this case: to have this Court reach a conclusion no other court has previously made. Wittenberg asks this Court to invalidate three state court orders and enjoin Freedom enforcing its writ of possession, an issue this Court cannot entertain under the *Rooker-Feldman* doctrine.

2

But even if this Court is unconvinced that the Complaint is barred by *Rooker-Feldman*, the Court should still dismiss the Complaint because it fails to meet the basic pleading standard required by Fed. R. Civ. P. 8(a). The Complaint does not assert expressly assert any statutory or common law claim, is rife with conclusory statements, and sparse on facts. For these reasons, the Complaint should be dismissed with prejudice.

## FACTS AND PROCEDURAL BACKGROUND

a. The Harrises' mortgage and 2019 Foreclosure

On June 29, 2017, the Harrises executed a Deed of Trust, conveying the property located at 4496 Dodds Mill Drive, Haymarket, VA 20169 (the "Property") to secure a deed of trust and note (collectively "Mortgage"), which was assigned to Freedom. (See attached Deed of Trust and its assignment at **Exhibit A**).[1] The Harrises then transferred the Property to Mr. Wittenberg's trust to direct Freedom to cancel their Mortgage "per Article I, Section 10 of the constitution [sic]."[2] *See* Compl. at p. 2 ¶ iv. The Harrises defaulted on their mortgage and Freedom foreclosed on the Property pursuant to the Mortgage via public foreclosure sale on April 25, 2019, at which time The Secretary of the U.S. Department of Veterans Affairs ("VA") purchased the Property ("2019 Foreclosure").

A Trustee's Deed evidencing the 2019 Foreclosure was recorded as Instrument Number 201905200033716, among the land records of the Circuit Court for Prince William County,

---

[1] The Deed of Trust and its assignment is attached hereto. Although Wittenberg failed to include these documents in their Complaint, they are integral to his claims and are publicly filed documents. Therefore, this Court may consider them without converting this motion to dismiss to one for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007) (the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice")

[2] U.S. Const. Art. 1, § 10 does not apply in any respect to the parties in this case as it outlines the "Powers Denied States" and none of the parties in this action are States.

Virginia, wherein the Property was conveyed to the VA. (See attached Trustee's Deed at **Exhibit B**). Subsequently, the VA quitclaimed the Property back to Freedom Mortgage via a deed dated May 29, 2020, and recorded as Instrument Number 202007170059386, among the land records of the Circuit Court for Prince William County, Virginia.

    b. <u>2019 Eviction Action</u>

Following the 219 Foreclosure, the VA instituted an unlawful detainer action against the Harrises to evict them from the Property. The eviction action was filed in the Prince William County, Virginia General District Court, titled *Secretary of the US Department of Veterans Affairs v. Harris et al.* (Case No.: GV19009578-00), whereby the Court granted the VA possession of the Property—an order the Harrises appealed to the Prince William County Circuit Court (Case No.: CL19006039-00) (collectively the "2019 Eviction Action"). During the appeal, the Harrises filed a responsive pleading attacking the court's jurisdiction over them and attaching a litany of documents contesting the 2019 Foreclosure. (See attached 2019 Eviction Action Docket for Case No.: CL19006039-00 at **Exhibit C** and Plaintiffs Bill of Exceptions filed in Case No.: GV19009578-00 at **Exhibit D**). On appeal, the Prince William County Circuit Court considered the Harrises' defenses and issued an order granting the VA possession of the Property. (See attached 2019 Eviction Action Final Order in Case No.: CL19006039-00 at **Exhibit E**). The Harrises noted but did not perfect their appeal, and the Supreme Court of Virginia returned the case to the Circuit Court. (See attached Notice from the Supreme Court of Virginia at **Exhibit F**).

    c. <u>Plaintiffs' 2021 Quiet Title Action</u>

In April 2021, Plaintiffs filed a Petition to Quiet Title in the Prince William County Circuit Court (Case No.: CL21003745-00) against Freedom and the VA (hereinafter "Quiet Title Action"). (See attached Quiet Title Action Complaint at **Exhibit G** and Quiet Title Action Docket at **Exhibit**

4

**H**). In their petition, Plaintiffs contested Freedom's right to obtain possession of the Property and characterized the 2019 Foreclosure as 'illegal,' among other allegations. The state court granted Freedom's dispositive motion on August 12, 2022, and dismissed Freedom with prejudice. (See attached first Quiet Title Action Order at **Exhibit I**). Notwithstanding the state court's order, Plaintiffs subsequently filed an amended complaint, serving the same on Freedom. The state court again granted Freedom's dispositive motion, dismissing Freedom with prejudice, monetarily sanctioning Mr. Wittenberg, and preventing Plaintiffs from filing subsequent pleadings contesting Freedom's interest in the Property without first seeking permission from the state court. (See attached second Quiet Title Action Order at **Exhibit J**).[3] Plaintiffs did not appeal.

    d.  2022 Eviction Action

In September 2022, Freedom instituted an unlawful detainer action against the Harrises to again evict them from the Property. The eviction action was filed in the Prince William County, Virginia General District Court, titled *Freedom Mortgage Corporation v. Harris* (Case No.: GV22011069-00) (hereinafter the "2022 Eviction Action"). This case was dismissed without prejudice. (See attached 2022 Eviction Action Docket at **Exhibit K**).

    e.  2022 EDVA Action

In December 2022, the Harrises filed a complaint in this Court (Case No.: 1:22-cv-01378) against Freedom, the VA, and others, with Mr. Wittenberg moving to intervene as an interested party (hereinafter "2022 EDVA Action"). (See attached 2022 EDVA Action Complaint as **Exhibit L** and 2022 EDVA Action Docket as **Exhibit M**). In their complaint, the Harrises again asserted the same assertions previously rejected in their 2021 Quiet Title Action and contested the 2019

---

[3] Despite the Circuit Court issuing monetary sanctions against Mr. Wittenberg to the benefit of Freedom, Mr. Wittenberg has yet to remit payment to Freedom.

5

Foreclosure. Freedom filed a motion to dismiss in response based on the *Rooker-Feldman* Doctrine and res judicata, which this Court granted on July 27, 2023. (See attached Order at **Exhibit N**). Plaintiffs did not appeal the order.

 f. <u>2023 Eviction Action</u>

  In February 2023, Freedom instituted an unlawful detainer action against the Harrises to again obtain possession of the Property. This action was filed in the Prince William County, Virginia Circuit Court, titled *Freedom Mortgage Corporation v. Harris et al.* (Case No.: CL23001802-00) (hereinafter the "2023 Eviction Action"). (See attached 2023 Eviction Action Complaint at **Exhibit O** and 2023 Eviction Action Docket at **Exhibit P**). There, the Harrises filed the following seven motions: to dismiss, for jurisdictional challenge, for default judgment, to strike Freedom's opposition to their motion to dismiss, for recusal of the presiding Judge, and for a more definite statement. Mr. Wittenberg moved to intervene as an interested party. The state court denied the Harrises motions, which again contested the 2019 Foreclosure. Freedom filed a motion for summary judgment, which the Harrises failed to respond to. On December 8, 2023, the state court issued an order granting Freedom a writ of possession. (See attached Order at **Exhibit Q**). The Harrises noted their appeal of that order, which is presently pending in the Court of Appeal of Virginia (CAV Record No.: 0519-24-4, docket attached at **Exhibit R**).

  Despite appealing the 2023 Eviction Action and multiple adverse ruling against Plaintiffs, the Harrises filed an untimely counterclaim in the 2023 Eviction Action, again attacking the 2019 Foreclosure. (See attached 2023 Eviction Action Counterclaim at **Exhibit S**). Freedom filed a

6

dispositive motion and a motion for sanctions which the court granted. (See attached Order at **Exhibit T**).[4]

    g.   2024 EDVA Action

In March 2024, Plaintiffs filed a complaint in this Court (Case No.: 1:24-cv-00471) against Freedom, again contesting the 2019 Foreclosure (hereinafter "2024 EDVA Action"). (See attached 2024 EDVA Action Complaint as **Exhibit U** and 2024 EDVA Action Docket as **Exhibit V**). There Plaintiffs sought to enjoin Freedom from enforcing its writ of possession granted by the state court on multiple occasions and ask this Court to demand that Freedom prove they have superior title. *See* Ex. U. at p. 2-3, ¶ v. Plaintiffs' support of their position by attaching a series of letters sent to Freedom, four years after the 2019 Foreclosure, where Plaintiffs demand that Freedom give them title to the Property and erase Mortgage. *See* Ex. U. at p. 4-5, ¶ vi. Freedom filed a motion to dismiss in response based on the *Rooker-Feldman* Doctrine and res judicata, which this Court granted on June 21, 2024. (See attached Order at **Exhibit W**). Plaintiffs appealed the order, which is now pending in the Fourth Circuit.

    h.   The Present Claims

On July 23, 2024, Mr. Wittenberg filed the present action against Defendants asserting the same theory of damages and claims as those in the 2024 Eviction Action. Mr. Wittenberg alleges that he tendered "silver coins" to Defendants "on special deposit and check for credit on account for settlement and closure of account, per Article I, Section 10 of the [C]onstitution of the [U]nited [S]tates of America." Compl. at p. 2, ¶ v. Mr. Wittenberg then asks the Court to void the Mortgage among other relief this Court has already rejected in the 2024 EDVA Action. *Id.* at p. 3.

---

[4] A hearing on Freedom' dispositive motion and motion for sanction was delayed after the Harrises filed a frivolous lawsuit against the presiding Judge in the 2023 Eviction Action, thereby delaying the hearing after the Judge recused himself.

Wittenberg then filed a notice of lis pendens on the Property. ECF No. 3.

**STANDARD OF REVIEW**

Before addressing disputes on the merits of a case, when a defendant challenges the court's subject matter jurisdiction, the court must address these issues first. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). When addressing jurisdictional challenges under Rule 12(b)(1), "the court is to regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Moreover, the plaintiff has the burden of proving that subject matter jurisdiction exists. *Id.* Upon finding that subject matter jurisdiction exists, the court may then entertain a motion to dismiss on the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6) a complaint must satisfy Rule 8(a), which requires a short plain statement of the claim evidencing the pleader's right to relief. Important to Rule 8(a)(2) is its requirement that the pleader "show" rather than simply assert its entitlement to relief. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3. (2007)*.* This showing must contain more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Only well-pleaded allegations in a complaint will be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations will be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). Unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient,

*Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**ARGUMENT**

I. <u>This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Under The *Rooker-Feldman* Doctrine Because Plaintiffs Are Attempting To Relitigate Issues Decided In State Court.</u>

*Rooker-Feldman* is a preclusive doctrine eliminating a federal court's subject matter jurisdiction to sit in appellate review of state court judicial determination. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see* 28 U.S.C. § 1257(a). Further, *Rooker–Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* also bars "federal courts from considering issues that are inextricably intertwined with the issues that were before the state court." *Feldman,* 460 U.S. at 486.

Issues that are inextricably intertwined include claims that were not actually decided by the state court but where "success on the federal claim depends upon a determination that the state

court wrongly decided the issues before it." *Plyler*, 129 F.3d at 731. Under either the "actually decided" or the "inextricably intertwined" prong, the principle is the same: "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

Thus, *Rooker-Feldman* is implicated when "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 236 (4th Cir. 2013). Again, *Rooker-Feldman* precludes claims seeking redress for an injury caused by a state-court decision, and where the claims essentially ask "the federal district court to conduct an appellate review of the state-court decision." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006).

This is exactly what Wittenberg seeks here—an appellate review of not only the Prince William County Circuit Court's findings in the 2019 Eviction Action but also of Plaintiffs' 2022 Quiet Title Action, which the state court dismissed twice over, and the 2023 Eviction Action, which is on appeal. Nevertheless, Wittenberg asks this court to revise history and find that Freedom has inferior title to the Property, an issue that the Court of Appeals of Virginia will address in the appeal of the 2023 Eviction Action. Should this Court entertain Wittenberg's request and grant the requested relief, such an order would reverse the state court's findings in determining that Freedom has superior title to the Property, a prerequisite to awarding Freedom possession of the Property.

This Court previously dismissed the Harrises attack on the state court's findings during their eviction proceeding in the 2023 and 2024 EDVA Action under the *Rooker-Feldman* Doctrine, *see* **Exhibit N** and **W**, which is consistently applied by other federal courts facing similar claims.

10

*See, e.g., Milligan v. W & M Properties, Inc., of Va.*, No. 1:04-cv-01517-CMH-BRP, 2005 WL 991583, at *2 (E.D. Va. Feb. 7, 2005), *aff'd sub nom. Milligan v. W & M Properties, Inc.,* 145 F. App'x 839 (4th Cir. 2005) (dismissing plaintiff's claim because it "necessarily implicates a determination of whether or not the state court eviction action was frivolous, and the *Rooker-Feldman* Doctrine prevents this Court from making such a determination."); *Santini v. Rucker*, No. 3:22-cv-370-DJN, 2022 WL 17417165, at *6 (E.D. Va. Dec. 5, 2022) (finding that plaintiff seeks to undermine and undo various unfavorable state court judgments granting possession of the property); *Pinkard v. Nusbaum*, No. 2:16-cv-00625-RAJ-LRL, 2017 WL 4102488, at *3 (E.D. Va. Jan. 20, 2017), *aff'd*, 693 F. App'x 206 (4th Cir. 2017); *Dingle v. Khan, No.* 5:19-CV-129-D, 2020 WL 2120010, at *9 (E.D.N.C. Feb. 20, 2020), *report and recommendation adopted,* No. 5:19-CV-129-D, 2020 WL 1272266 (E.D.N.C. Mar. 16, 2020) *(*Finding that the *Rooker-Feldman* doctrine barred the court from sitting in review of the eviction order); *Carter v. Lakeside REO Ventures, LLC*, No. 8:16-CV-02917-GJH, 2016 WL 5079179, at *2 (D. Md. Sept. 16, 2016) ("Courts have consistently applied the *Rooker-Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings.").

Wittenberg' complaint presents the same legal issue as in the cases cited above. Here, he asks this Court to remove "clouds from [Wittenberg's] title" and cancel the note. *See* Compl. at p. 3, ¶ vi. The 2019 Eviction Action, *see* **Exhibit C,** 2021 Quiet Title Action, *see* **Exhibit H**, and 2023 Eviction Action, *see* **Exhibit P**, dockets show that Plaintiffs challenged Freedom's' and its predecessor's security interest in and ownership of the Property in every conceivable way and at every juncture. Each time, the state court dismissed Plaintiffs' defenses and affirmative claims. The state court's in reaching this decision, had to conclude that a valid mortgage encumbered the Property and that the Plaintiffs breached the mortgage. Wittenberg's displeasure with the state

court decisions does not grant them the right to flee to federal court to seek a different result. If Wittenberg sought to invalidate Freedom's interest in the Property and further exercise their appellate rights, they had an appropriate forum: the Court of Appeals of Virginia—a right the Harrises are exercising in the 2023 Eviction Action. Under no circumstance, however, is Wittenberg entitled to appeal or attack the rulings of a state court through a new lawsuit brought in federal court. This Court, therefore, lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and should dismiss Plaintiffs' complaint with prejudice.

II. Wittenberg Fails To State A Claim Under Rule 8(a).

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Unadorned allegations of wrongdoing" are insufficient to meet the requirements of *Twombly* and *Iqbal*. *See Francis v. Giacomelli*, 588 F.3d 186, 195-96 (4th Cir. 2009). Further, Wittenberg's *pro se* status does not make him immune from minimum pleadings standards set forth in *Iqbal* and *Twombly* or Rule 8 of the Federal Rules of Civil Procedure.

Here, Wittenberg's factual allegations are impermissibly brief and incoherent, making it impossible for Freedom to discern the basis of his claims. Further, Wittenberg does not specifically assert any cause of action. Still, from what Freedom can glean, Wittenberg seeks damages from Freedom for failing to return his alleged tender of "check and silver coin." Compl. p. 2, ¶ v. This

12

alleged tender was to apparently payoff the mortgage on the Property. *See* ECF No. 3. Wittenberg also seeks to enjoin Freedom from collecting against him for the breach of mortgage. TO the extent Wittenberg seeks an injunction, his request must be denied.

This Court outlined the legal standard to obtain a preliminary injunction, which requires "a plaintiff . . . show (1) a likelihood to succeed on the merits of its claims; (2) a likelihood of irreparable harm in the absence of the requested preliminary injunction; (3) that the balance of equities favor the plaintiff; and (4) that an injunction is in the public interest. *SDSE Networks, Inc. v. Mathur*, No. 1:22-CV-1024-MSN-IDD, 2022 WL 18539944, at *3 (E.D. Va. Dec. 28, 2022) (citing *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)), *vacated on other grounds*, 559 U.S. 1089 (2010), *aff'd in relevant part*, 607 F.3d 355 (4th Cir. 2010). However, unlike the plaintiff in *Mathur*, Wittenberg meets none of the standards entitling him to a preliminary injunction.

Wittenberg cannot meet the first element for a preliminary injunction because he does not assert any cognizable claim known by the undersigned. Wittenberg also fails to meet the third and final elements for a preliminary injunction. While Wittenberg may face harm in the absence of an injunction, the balance of equities weighs against them. Wittenberg failed to make a mortgage payment for more than half a decade, and now he seeks an additional windfall from this Court if an injunction is granted by allowing him to continue to live in the Property for free at Freedom's detriment. Further, the injunction Wittenberg seeks is not in the public interest as it would only reward vexatious litigants, like Wittenberg, whose claims were previously rejected by state courts and grant them permission to undermine that order by filing an injunction in the federal court.

## CONCLUSION

Based on the foregoing, Freedom asks this Court to dismiss the Complaint as lacking subject matter jurisdiction under *Rooker-Feldman* Doctrine. Alternatively, the Court should dismiss the Complaint for failure to state a claim. Freedom further requests the Court award such further and other relief as the Court finds appropriate and in favor of Freedom. Freedom further requests that the Court award sanctions against Wittenberg pursuant to the Court's inherent for filing this action for an improper purpose and in bad faith, particularly when the state court has previously rejected such claims.[5]

Dated: October 7, 2024                                        Respectfully submitted,

                                        s/ David T. Long Jr.
                                        David T. Long, Jr., Esq. (Bar No. 89870)
                                        Bradley Arant Boult Cummings LLP
                                        1615 L Street, N.W., Suite 1350
                                        Washington, D.C., 20036
                                        Telephone: (202) 719-8271
                                        Facsimile: (202) 719-8371
                                        Email: dlong@bradley.com
                                        *Counsel for Freedom*

---

[5] The Supreme Court has affirmed that federal courts possess the inherent authority to "levy sanctions in response to abusive litigation practices." *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1075–76 (E.D. Va. 1991), *aff'd*, 16 F.3d 414 (4th Cir. 1993) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980). Further, *pro se* litigants are not immune to any sanction by virtue of their status alone. *See, e.g., Ballard v. Carlson*, 882 F.2d 93 (4th Cir.1989), *cert. denied sub nom., Ballard v. Volunteers of America*, 493 U.S. 1084, 110 S. Ct. 1145, 107 L.Ed.2d 1049 (1990) (*pro se* complaint dismissed with prejudice for failure to obey court order despite warning). Moreover, litigants may be sanctioned for abusive litigation even if they are represented by counsel. *Alyeska Pipeline Service Co. v. Wilderness Soc.*, 421 U.S. 240, 258–59, 95 S. Ct. 1612, 1622–23, 44 L.Ed.2d 141 (1975) (courts have inherent authority to tax counsel fees against a party who litigates in bad faith).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of October 2024, a true and correct copy of the foregoing was filed via the CM/ECF system, which will provide electronic notice to the parties in this matter. In addition, the foregoing and its attachments were emailed and mailed to Plaintiff by first class U.S. Mail on this date.

        Arthur of the Family Wittenberg Trustee
        701 Loyola Ave, Unit 57867
        New Orleans, Louisiana 00000

                          /s/ David T. Long, Jr.
                          David T. Long Jr.