IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ARTHUR OF THE FAMILY WITTENBERG, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 1:24-cv-01269 <br> ) |
| FREEDOM MORTGAGE CORPORATION, | ) <br> ) |
| Defendant. | ) |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Freedom Mortgage Corporation's ("FMC") Motion to Dismiss, FMC's Motion for Sanctions, Plaintiff's Motion for Sanctions, and Plaintiff's Motion for Summary Judgment. Plaintiff Arthur of the Family Wittenberg ("Plaintiff" or "Wittenberg") has sued Defendant FMC for its involvement in a 2019 foreclosure of real property in Prince William County, Virginia (the "Property") once owned by Eugene and Tenekia Harris (the "Harrises").

This action is the latest in a series of lawsuits over the Property, and the third attempt to relitigate the foreclosure sale in this Court alone. See Harris et al. v. Farnsworth, Jr. et al. (1:22-cv-1378-CMH-JFA) (dismissing the case against FMC for lack of subject matter jurisdiction under the Rooker-Feldman doctrine); Harris et al. v. Freedom Mortgage Corp. et al. (1:24-cv-471-MSN-LRV) (dismissing the case for lack of subject matter jurisdiction

1

and for failure to state a claim). In fact, after the Complaint was filed in this matter on July 23, 2024, Plaintiffs Eugene Harris, II, Tenekia Harris, and Arthur of the Family Wittenberg filed another complaint against FMC in this Court on September 13, 2024. See <u>Arthur of the Family Wittenberg et al. v. Freedom Mortgage Corporation et al.</u> (1:24-cv-1619-CMH-WBP). This other matter remains pending. Each time Plaintiff, either individually or with the Harrises, files an action alleging that FMC has engaged in some wrongful act during the 2019 foreclosure.

On June 29, 2017, the Harrises executed a Deed of Trust ("DOT") conveying the Property in trust to secure a mortgage debt. The lender assigned its interest in the DOT to Defendant FMC. The Harrises then transferred the Property to Wittenberg's trust to direct FMC to cancel their mortgage. FMC foreclosed on the Property after claiming that the Harrises had defaulted on their loan, and the Secretary of the U.S. Department of Veteran Affairs ("VA") eventually acquired an ownership interest in the Property after it was sold via a public auction on April 25, 2019.

Following the 2019 sale, the VA filed an unlawful detainer action (the "2019 Eviction Action") against the Harrises in Prince William County, Virginia General District Court to evict them from the Property. The General District Court granted the VA possession of the Property, and the Harrises appealed that decision to the Prince William County Circuit Court, arguing among other things

2

that FMC lacked the right to initiate the foreclosure. On appeal, the Circuit Court ordered that the VA be granted possession of the Property. The Harrises appealed the Circuit Court's final order; however, the Harrises did not perfect their appeal resulting in the case being returned to the Circuit Court. Eventually, the VA quitclaimed the Property back to FMC via a deed dated May 29, 2020.

In April of 2021, the Harrises filed a Petition to Quiet Title (the "2021 Quiet Title Action") in the Prince William County Circuit Court against FMC and the VA, contesting FMC's right to obtain possession of the Property and arguing the 2019 foreclosure sale was illegal, among other allegations. The Circuit Court dismissed the case with prejudice as to FMC. The Harrises subsequently filed an amended complaint, and the Circuit Court again dismissed the case against FMC and ordered that the Harrises be prevented from filing subsequent pleadings contesting FMC's interest in the Property without first seeking permission from the state court. In September of 2022, FMC filed an unlawful detainer action against the Harrises to again evict them from the Property, but this case was dismissed without prejudice.

On December 1, 2022, the Harrises filed their first complaint in this Court against FMC, the VA, and others, with Wittenberg moving to intervene as an interested party, seeking rescission of the Property's foreclosure and damages (the "2022 EDVA Action"). See Harris et al. v. Farnsworth, Jr. et al. (1:22-cv-1378-CMH-

3

JFA). The Harrises raised five claims against the VA Secretary in his official capacity and six claims against FMC. Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the VA Secretary and FMC filed their motions to dismiss, which were granted by the Court on July 27, 2023. This Court found that it lacked subject matter jurisdiction over all claims brought by the Harrises against FMC and the VA Secretary under the Rooker-Feldman doctrine, which precludes federal courts from sitting in appellate review of state court judicial determinations. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

In February of 2023, FMC instituted an unlawful detainer action against the Harrises in the Prince William County, Virginia Circuit Court (the "2023 Eviction Action"). The Harrises proceeded to file seven motions, and Mr. Wittenberg moved to intervene as an interested party. The state court denied all of Harrises' motions, which similarly contested the 2019 foreclosure. On December 8, 2023, the state court issued an order granting FMC a writ of possession. See Freedom Mort. Corp. v. Harris, No. CL23001802-00, at *1 (Prince William Cty. Cir. Ct. Dec. 8, 2023). The Harrises appealed the order, which is pending in the Court of Appeals of Virginia. Despite the pending appeal, the Harrises filed an untimely counterclaim again attacking the 2019 foreclosure sale, and FMC filed a dispositive motion and motion for sanctions, which were granted by the state court.

4

On March 25, 2024, the Harrises and Wittenberg filed a second complaint in this Court again contesting the 2019 foreclosure sale ("March 2024 EDVA Action"). See Harris et al. v. Freedom Mortgage Corp. et al. (1:24-cv-471-MSN-LRV). Plaintiffs once again asked the Court to determine the ownership of the Property and requested that the Court enjoin FMC's collection activities and "remove clouds" from the Property's title. The Court affirmed the prior holding of this Court confirming that the Rooker-Feldman doctrine precluded the exercise of jurisdiction over the plaintiffs' claims. Specifically, this Court held that on three separate occasions, Virginia state courts have rendered final judgments regarding ownership of the Property, and a ruling for the plaintiffs would be in direct conflict with those Virginia state court judgments. The Court also found that, in the alternative, the matter should also be dismissed pursuant Fed. R. Civ. P. 12(b)(6). On July 15, 2024, Plaintiffs appealed the Court's order dismissing the complaint with prejudice, which remains pending before the Fourth Circuit.

On July 23, 2024, pro se Plaintiff Wittenberg as a "beneficially interested" party filed the present action against Defendant FMC asserting the same theory of claims and damages as those in the March 2024 EDVA Action. Plaintiff alleges that he tendered "silver coins" to Defendant "on special deposit and check for credit on account for settlement and closure of account, per

5

Article I, Section 10 of the [C]onstitution." Plaintiff argues that he tendered "a check on special deposit for credit on account." Plaintiff contends that Defendant did not return the tendered amount that was on special deposit. Read liberally, the Complaint challenges the ownership of the Property and Defendant's superior interest in the Property. Similar to the suit brought in March of 2024, Plaintiff requests, among other types of relief, that the Court grant an injunction against FMC, void the mortgage, and "remove clouds from complainant's title" to the Property. Plaintiff also filed a notice of lis pendens on the Property. FMC moved to quash the lis pendens, which was granted by the Court, and Plaintiff appealed. On December 20, 2024, the Fourth Circuit dismissed the appeal for failure to prosecute.

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), FMC filed the instant Motion to Dismiss along with the requisite *Roseboro* notice. FMC also filed a Motion for Sanctions. Plaintiff has also filed additional motions, including a Motion for Sanctions, Motion of Recusal of Judge Claude M. Hilton, and Motion for Summary Judgment. The Court denied Plaintiff's Motion for Recusal on April 3, 2025. The Motion to Dismiss has been fully briefed, and the Court finds this case should be dismissed as to all claims against FMC for lack of subject matter jurisdiction, and in the alternative, for failure to state a claim.

6

Rule 12(b)(1) allows parties to challenge a court's subject matter jurisdiction over a matter. Without subject matter jurisdiction, a court must dismiss the complaint in its entirety. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. Adkins v. Dulles Hotel Corp., 2020 WL 5846484, at *4 (E.D. Va. Sept. 16, 2020), aff'd, 832 F. App'x 205 (4th Cir. 2020).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Generalized, unsupported assertions are insufficient to state a claim. See id.; Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006) ("[the Court] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"). A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the grounds of his

7

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citation omitted). A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

While "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus (quoting Estelle v. Gamble, 429 U.S., at 106, 97 S.Ct. 285), this does not relieve *pro se* litigants of the requirements under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) still requires *pro se* plaintiffs to state "a short and plain statement of the claim showing that the pleader is entitled to relief."

The Court finds that it lacks subject matter jurisdiction over the claims raised against FMC for the same reasons set forth in this Court's prior holdings. Under the Rooker-Feldman doctrine, federal courts are precluded from sitting in appellate review of state court judicial determinations. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The doctrine applies when "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment

8

ineffectual[.]" Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997) (internal quotation marks omitted). Therefore, Rooker-Feldman not only bars federal courts from considering issues already decided by a state court, but also from considering claims which are "inextricably intertwined" with prior state court judgments. Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000).

Entertaining Plaintiff's claims surrounding Defendant's alleged inferior interest and ownership in the Property would require this Court to pass judgment on the Virginia state court's findings in the 2019 Eviction Action, the 2021 Quiet Title Action, which rejected challenges to FMC's interest in the Property, and the 2023 Eviction Action, which is on appeal. Indeed, in the 2021 Quiet Action, Plaintiff asserted the same allegation that he "issued check and Tenders to Defendant (FMC)" and that by doing so FMC's DOT should have been extinguished and that Defendant "has failed or refused to remove the cloud and release of the liens that continue to encumber the property." The state court dismissed Plaintiff's claims against FMC with prejudice. Because the Prince William County Circuit Court has on three separate occasions rendered final judgments regarding the ownership of the Property, the Court finds that a ruling for Plaintiff would undermine those state court judgments. Thus, Plaintiff cannot overcome the Rooker-Feldman jurisdictional bar, and the Complaint must be dismissed.

9

Alternatively, FMC moves for dismissal under Fed. R. Civ. P. 12(b)(6). Even taken in the light most favorable to pro se Plaintiff, Plaintiff's factual allegations are insufficient to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. The Complaint does not specifically assert any cause of action, but instead, puts forth brief, incoherent factual allegations involving alleged monies provided to Defendant for the purpose of paying off the Property's mortgage that were ignored and/or never returned by Defendant. The Court need not accept Plaintiff's unreasonable legal arguments, conclusions, or unwarranted inferences as true. See Kloth, 444 F.3d at 319. Without further detail, FMC's alleged "trespass" of Plaintiff's rights in the Property, questioning the legality of the foreclosure and FMC's interest in the Property, is a "legal conclusion couched as a factual allegation" and is deficient under Rule 8. See Iqbal, 556 U.S. at 678 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Therefore, Plaintiff has failed to provide enough facts to state a plausible claim for relief, and the Complaint should also be dismissed under Fed. R. Civ. P. 12(b)(6).

FMC filed a Motion for Sanctions requesting monetary sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11. While the Court finds Plaintiff's conduct in filing this lawsuit inappropriate in light of the long history of litigation between

the parties, the Court will not impose sanctions at this time. Moreover, the Court finds that Plaintiff's Motion for Sanctions against Defendant's counsel is unwarranted.

For the foregoing reasons, FMC's Motion to Dismiss is GRANTED, Plaintiff's Motion for Summary Judgment is DENIED, FMC's Motion for Sanctions and Plaintiff's Motion for Sanctions are DENIED, and this case DISMISSED.

An appropriate Order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 27, 2025